UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

REPSOL, S.A.,

               Plaintiff,

    - against -

REPUBLIC OF ARGENTINA,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No. 12-cv-4018-TPG

FIRST AMENDED COMPLAINT

Plaintiff Repsol, S.A. ("Repsol"), by its attorneys Davis Polk & Wardwell LLP, alleges as follows for its complaint herein:

## NATURE OF THE ACTION

1. More than two months after having retaken control of YPF S.A. ("YPF" or the "Company"), Defendant the Republic of Argentina ("Argentina") continues to violate and openly disregard its disclosure obligations under the United States securities laws. And the harm to investors from Argentina's violation continues to mount, as Argentina consolidates its control over the Company and resets its strategic direction in accordance with Argentina's own government policies, all without the disclosure that the securities laws require to ensure investors have adequate information to make decisions with respect to their investments.

2. On May 7, 2012, Argentina acquired beneficial ownership of more than 5% of a registered class of equity securities of YPF. As a result, the disclosure requirements of Section 13(d) of the Securities Exchange Act of 1934 (the "Exchange Act") were triggered. Argentina has violated those requirements by failing to file a

Schedule 13D with the SEC on or before May 17, 2012, and to this day continues to violate and ignore those obligations.

3. Section 13(d) requires that any entity that directly or indirectly acquires beneficial ownership of more than 5% of a registered class of an issuer's equity securities must, within ten days of the transaction, file a Schedule 13D disclosure statement with the SEC. The Schedule 13D must contain the information specified in Section 13(d) and SEC rules promulgated thereunder, including the number of shares beneficially owned; the source and amount of the funds to be used in the acquisition; information as to any contracts, arrangements, or understandings with any entity relating to the securities of the issuer; and the beneficial owner's plans for the issuer's business and governance. Section 13(d) thus mandates the disclosure of information that shareholders need in order to make informed decisions with respect to their investments in the issuer.

4. Argentina's Section 13(d) disclosure obligations were triggered on May 7, 2012, when Law 26,741 (the "Expropriation Law") went into effect, providing for Argentina's expropriation of 51% of the Class D shares of YPF. YPF's Class D shares are registered under the Exchange Act, and are traded on the New York Stock Exchange ("NYSE") in the form of American Depositary Receipts ("ADRs"). Immediately upon its effectiveness, the Expropriation Law granted Argentina the power to exercise all rights attached to the shares subject to expropriation, including the power to exercise voting rights on all of those shares. Under SEC Rule 13d-3, any entity that directly or indirectly holds the power to vote or direct the vote of a security is the beneficial owner of the security for purposes of Section 13(d). The Expropriation Law therefore rendered Argentina the beneficial owner of more than 5% of a registered class of YPF's equity

securities as of May 7, 2012, and obligated Argentina to file a Schedule 13D with the SEC by May 17, 2012.

5. More than ten days have passed since Argentina acquired beneficial ownership of more than 5% of YPF's Class D shares, but Argentina has failed to file any Schedule 13D with the SEC. Indeed, it has now been *seven weeks* since the May 17 deadline, but as of today Argentina has still failed to file a Schedule 13D with the SEC.

6. Compounding the harm to investors, during the ongoing period of Argentina's non-compliance, Argentina has pushed forward with precisely the kinds of corporate actions that necessitate Section 13(d) disclosure to investors, including General Shareholders' Meetings on June 4, 2012 and scheduled for July 17, 2012. As a result of Argentina's ongoing violation of its obligations, investors are deprived of the information they require to participate in the Company's governance, and forced to vote on matters of corporate strategy without the legally required transparency as to Argentina's plans.

7. Argentina has thus violated and remains in violation of Section 13(d). Accordingly, Plaintiff, a shareholder of YPF, brings this action seeking a judgment declaring that Argentina is in violation of Section 13(d), and ordering Argentina to file the required Schedule 13D forthwith.

**PARTIES**

8. Plaintiff Repsol is a publicly-held limited liability company (*sociedad anónima*) organized under the laws of the Kingdom of Spain and headquartered in Madrid, Spain. Repsol is a holder of YPF Class D shares directly and through its ownership of ADRs administered by the Bank of New York as depositary agent. Through a series of transactions in 1999, Repsol acquired a controlling stake in YPF and

remains one of YPF's largest shareholders. The Expropriation Law provides that the 51% of YPF's Class D shares that are subject to expropriation shall be taken solely from Repsol.

9.   Defendant the Republic of Argentina is also a shareholder of YPF, and specifically is the exclusive holder of YPF's Class A stock, which is not a registered class, holding 3,764 such Class A shares as of December 31, 2011. In addition, Argentina acquired beneficial ownership of 51% of the Class D shares of YPF upon the effectiveness of the Expropriation Law on May 7, 2012. Argentina is organized as a federation of twenty-three provinces and an independent federal city (Buenos Aires).

10.   Non-party YPF is a publicly-held limited liability stock company (*sociedad anónima*) organized under the laws of Argentina. The address of its principal executive offices is Macacha Güemes 515, 1106, Buenos Aires, Argentina. Prior to 1993, YPF was an exclusively state-owned, monopolist oil and gas company. Argentina privatized YPF in the early 1990s, and took it public in 1993. The Company's Class D shares are registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*, and trade on the NYSE in the form of ADRs under the symbol "YPF."

## JURISDICTION AND VENUE

11.   This action arises under Section 13(d) of the Exchange Act, 15 U.S.C. § 78m(d), and the rules and regulations promulgated thereunder by the SEC.

12.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1330 because this is a non-jury civil action against a foreign state, as defined in 28 U.S.C. § 1603(a), involving a claim for relief *in personam* with respect to which the foreign state is not entitled to immunity under 28 U.S.C. § 1605(a), or under

any applicable international agreement. In particular, Defendant Argentina is not entitled to immunity under 28 U.S.C. § 1605(a)(2) because the claim asserted arises out of Argentina's failure to fulfill its obligation as the beneficial owner of shares registered on the NYSE to file a disclosure statement with the SEC for the benefit of U.S. investors, in violation of U.S. securities laws. The claim is thus based not on any sovereign activity, but on Argentina's commercial activity and its acts in connection therewith, which have been carried on and performed and have caused direct effects in the United States.

13.  Venue in the Southern District of New York is proper pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1391.

14.  Declaratory relief is appropriate pursuant to 28 U.S.C. § 2201 because an actual controversy exists regarding whether Argentina is in violation of Section 13(d)'s disclosure requirements.

## FACTUAL ALLEGATIONS

### Argentina's Acquisition of Beneficial Ownership of More than 5% of a Registered Class of YPF's Equity Securities

15.  YPF formerly was an entirely state-owned and state-run enterprise, dominated and controlled by Argentina as its sole shareholder. Argentina privatized YPF in the early 1990s, and took it public in 1993 through an SEC-registered IPO of YPF Class D shares. Those shares were offered on the Buenos Aires Stock Exchange and were offered in the form of ADRs on the NYSE and other exchanges outside the United States and Argentina. The single largest portion of the public offering was Argentina's sale of shares into the United States, which represented 65,000,000 of the total 140,000,000 Class D shares offered in the IPO, and resulted in proceeds of over $1.1

billion to Argentina as selling shareholder. YPF's Class D shares now comprise almost 100% of YPF's outstanding capital stock, and approximately 60% of those Class D shares are represented by ADRs.

16. Argentina continued to have a significant role as a shareholder of YPF after the privatization and public offering. Argentina remained the exclusive holder of YPF's Class A "golden" shares, holding 3,764 such shares as of December 31, 2011. Pursuant to YPF's by-laws, as the holder of Class A shares, Argentina enjoyed certain privileges, including the right to appoint one director and one alternate director, as well as veto rights with respect to specific categories of corporate activities, such as the acquisition by a third party of shares representing more than 50% of YPF's capital stock.

17. As of the end of 2011, the Argentine government appeared to be wholly supportive of YPF. Indeed, in November 2011, Argentina's board representative stated that the government was in complete accord with the Company's activities. Yet in January 2012, the Argentine press began reporting that the government was considering nationalizing YPF. After more than two months of government leaks that stoked rumors of impending nationalization and caused YPF's share price to collapse, Argentina carried out its threat, retaking control of the Company.

18. On April 16, 2012, Argentina announced and delivered proposed legislation providing for the expropriation of 51% of YPF's Class D shares. Also on April 16, Argentina declared by executive decree that it was seizing control of the Company's operations through the appointment of an "intervenor" vested with all powers of the Company's board and president. That same day, government officials entered YPF's headquarters in Buenos Aires, seized control of the Company's facilities, removed

top executives, and began appointing government delegates to run the Company's operations.

19. On May 4, 2012, the proposed expropriation legislation was signed into law by President Kirchner, and it went into effect on May 7, 2012. Title III of the Expropriation Law, labeled "Of the Recovery of Control of YPF," provides for the expropriation by Argentina of 51% of the Class D shares of YPF, all from Repsol. Pursuant to the Expropriation Law, the expropriation process will be governed by Law 21,499, Argentina's 1977 law concerning expropriations.

20. The Expropriation Law gives Argentina total and unequivocal control over YPF. While, as of the date of this First Amended Complaint, formal title to the expropriated shares has not yet been transferred to Argentina, as soon as the Expropriation Law became effective on May 7, 2012, it granted Argentina the power to exercise all voting, economic, and other rights on all of the shares subject to expropriation. The Expropriation Law also provides that while the expropriated shares are to be divided between the federal executive (51%) and certain provinces (49%), all of the expropriated shares must be voted as a block for a minimum term of fifty years. The Expropriation Law thus grants Argentina total and exclusive control over the shares subject to expropriation, and it is now only Argentina, not Repsol, that has the ability to vote or transfer those shares. Since the Expropriation Law became effective, Argentina's voting control has been plainly demonstrated on multiple occasions, including at a General Shareholders' Meeting on June 4, 2012, at which Argentina reconstituted the Company's board of directors, eliminating YPF's existing directors and electing sixteen directors of Argentina's choosing.

### Argentina's Failure to Comply with Section 13(d) of the Exchange Act

21. Section 13(d) of the Exchange Act mandates that any entity that directly or indirectly acquires beneficial ownership of more than 5% of a registered class of an issuer's equity securities must, within ten days of the acquisition, file a statement with the SEC disclosing certain information specified in Section 13(d) and applicable SEC rules. The SEC has prescribed Schedule 13D as the official disclosure form for compliance with the statute. 17 C.F.R. §§ 240.13d-1, 240.13d-101.

22. Among the information that must be disclosed in a Schedule 13D is a description of the beneficial owner's plans for the issuer, including any plans relating to or that would result in: the acquisition of additional securities of the issuer or the disposition of securities of the issuer; an extraordinary corporate transaction involving the issuer, such as a merger, reorganization, or liquidation; a sale or transfer of a material amount of assets of the issuer; any change in the issuer's board of directors or management; any material change in the issuer's capitalization or dividend policy; any other material change in the issuer's business or corporate structure; any change in the issuer's charter or by-laws; causing the issuer's securities to be delisted from a national securities exchange; or the issuer's securities becoming eligible for termination of registration under the Exchange Act. 17 C.F.R. § 240.13d-101.

23. Upon becoming effective on May 7, 2012, the Expropriation Law rendered Argentina the beneficial owner of more than 5% of YPF's Class D shares, which are registered under the Exchange Act. The Expropriation Law rendered Argentina a beneficial owner because, among other reasons, the Law conferred upon Argentina the power to exercise voting rights on all 51% of the Company's Class D

8

shares subject to expropriation. Under SEC Rule 13d-3, any entity that directly or indirectly holds (or shares) the power to vote or direct the vote of a security is a beneficial owner of the security for purposes of Section 13(d). Argentina was consequently required under Section 13(d) to file a Schedule 13D with the SEC relating to its acquisition of beneficial ownership of YPF's Class D shares within ten days of the effectiveness of the Expropriation Law – *i.e.*, by May 17, 2012. Seven weeks later, Argentina still has not filed a Schedule 13D with the SEC, and continues to be in violation of its disclosure obligations under Section 13(d).

24. One of the fundamental purposes of the U.S. securities laws is to ensure full disclosure of material information for the benefit of investors. Because Argentina acquired beneficial ownership of more than 5% of YPF's Class D shares, it is required to file a Schedule 13D with the SEC containing information without which Plaintiff and other YPF shareholders cannot make informed decisions with respect to their investments and participation in a Company now once again dominated and controlled by the Argentine government.

25. The ongoing harm to YPF investors is compounded by the significant corporate actions that Argentina has taken during the period of its non-compliance. For instance, at a General Shareholders' Meeting on June 4, 2012, Argentina exercised its newly acquired voting control over a majority of the Company's Class D shares to reconstitute YPF's board of directors, eliminating the existing directors and naming sixteen directors of its choosing. The Company has also held two board meetings. At the second of these held on June 15, 2012, the Company resolved that the General Shareholders' Meeting previously scheduled for April 25 (and suspended by YPF, under

Argentine control) will go forward on July 17, 2012, with an agenda that includes among other things, the approval of the Company's financial statements and declaration of dividends. Yet investors have not been provided the required and necessary disclosure under Section 13(d), including disclosures concerning Argentina's planned dividend policy for YPF. Shareholders are accordingly deprived of information they require urgently in order to participate in the governance of the Company.

26. Argentina has failed to comply with its disclosure obligations under Section 13(d), and Plaintiff accordingly brings this action seeking to enforce those obligations. In bringing this action, Plaintiff Repsol does not concede the validity or enforceability of the expropriation itself, which are not the subject of this action, and which Repsol expressly reserves the right to challenge in any forum. Repsol specifically reserves its rights and remedies under: (a) Argentine law and any other applicable legal order; and (b) the Agreement for the Reciprocal Promotion and Protection of Investments between the Kingdom of Spain and the Argentine Republic signed on 3 October 1991 (and which entered into force on 28 September 1992) duly notified to the Argentine Republic by letter dated May 10, 2012, which rights and remedies are not pursued in the present action.

### FIRST CAUSE OF ACTION: VIOLATION OF SECTION 13(d) OF THE EXCHANGE ACT

27. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 26 above.

28. Plaintiff is a holder of YPF Class D shares, directly and through ADRs.

29.     Upon the effectiveness of the Expropriation Law on May 7, 2012, Argentina beneficially owned more than 5% of YPF's Class D equity securities, which are registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*.

30.     Argentina violated and remains in violation of Section 13(d) of the Exchange Act by failing to file a Schedule 13D within ten days after acquiring beneficial ownership of more than 5% of YPF's Class D shares.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

A.     Declaring that Argentina is in violation of Section 13(d) of the Exchange Act for failure to file a Schedule 13D with the SEC relating to its acquisition of beneficial ownership of more than 5% of the Class D shares of YPF;

B.     Ordering Argentina to file such a Schedule 13D with the SEC, in compliance with the applicable rules and regulations, forthwith; and

C.     Granting such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
         July 5, 2012

DAVIS POLK & WARDWELL LLP

By: _____
    Michael P. Carroll
    Antonio J. Perez-Marques

450 Lexington Avenue
New York, New York 10017
(212) 450-4000
michael.carroll@davispolk.com
antonio.perez@davispolk.com

*Attorneys for Plaintiff Repsol, S.A.*